## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

     v.                           :

HITESHKUMAR PATEL,         :

     Defendant.          :

NO. 3: CR -17- 189

(JUDGE        )

FILED
SCRANTON
JUN 2 0 2017
PER _____
DEPUTY CLERK

### INDICTMENT

### Count 1

## Conspiracy to Commit Mail Fraud and Wire Fraud
## (18 U.S.C. § 1349)

**THE GRAND JURY CHARGES:**

At times material to this Indictment,

### INTRODUCTION

1.     The defendant, Hiteshkumar Patel ("PATEL") was an adult individual residing in South Abington Township, Lackawanna County, Pennsylvania.

### THE CONSPIRACY AND ITS OBJECTS

2.     Beginning in or about August 2015 and continuing through in or about May, 2016, in the Middle District of Pennsylvania, and elsewhere, PATEL did knowingly and willfully combine, conspire, confederate and agree, together with other persons known and

unknown to the Grand Jury, to devise and intend to devise a material scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises and, for the purpose of executing such scheme and artifice: to cause to be delivered by the United States Postal Service and by any private and commercial interstate carrier, matters and things; and, to transmit and cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds, in violation of Title 18, United States Code, §§ 1341 and 1343.

### MANNER, MEANS AND METHODS OF THE CONSPIRACY

3.     The manner, means and methods by which PATEL and his coconspirators carried out the conspiracy included, but were not limited to, the following:

4.     It was part of the conspiracy that PATEL and his coconspirators contacted individuals by telephone and falsely claimed to represent the Internal Revenue Service (IRS).   PATEL and his coconspirators told the individuals that the individuals owed money to the IRS and threatened the individuals with arrest, fines, and imprisonment unless immediate payment was made.   PATEL and his

2

coconspirators then directed the individuals to send payments directly to PATEL, or to one of PATEL's coconspirators, to satisfy the money purportedly due to the IRS.   The individuals were directed to send payments via the United States Mail, or via a money transfer service such as Western Union, MoneyGram, or RIA (Walmart to Walmart).

5.     It was part of the conspiracy that PATEL and his coconspirators caused post office boxes to be opened within the Middle District of Pennsylvania and then used the post office boxes to further the scheme including, but not limited to, use of the post office boxes to receive payments fraudulently obtained from victims of the scheme.

6.     It was part of the conspiracy that PATEL and his coconspirators also perpetrated a loan fraud scheme.   PATEL and his coconspirators created illegitimate hoax websites that spoofed certain legitimate on-line loan websites.   Website spoofing is the act of creating an illegitimate hoax website similar to a legitimate website with the intent to mislead Internet users into believing that the illegitimate hoax website is the legitimate website.   Spoofed websites, such as the spoofed websites created by PATEL and his coconspirators, typically adopt the design of the target website and sometimes have a similar

3

URL.

7.     PATEL and his coconspirators accepted on-line loan applications and fraudulently caused on-line loan applicants to believe that, in order to receive guaranteed loans, the applicants had to pay fees in advance to representatives of the purported lenders.   The loan applicants were falsely told that advance fees were necessary to cover miscellaneous costs, such as insurance, processing charges, and expediting fees.   In some case, the loan applicants were falsely told that prior IRS debt had to be satisfied before a loan could be approved. In fact, PATEL and his coconspirators did not intend to provide loans to the applicants.   Rather, PATEL and his coconspirators directed loan applicants to transmit the advance monetary fees via a money transfer service such as Western Union, MoneyGram, or RIA (Walmart to Walmart) and then PATEL and his coconspirators fraudulently converted the monetary fees to their own use.

8.     It was part of the conspiracy that PATEL sometimes used his own identity, sometimes used stolen identities, and sometimes used the identities of coconspirators to receive the proceeds of the scheme.

9.     It was part of the conspiracy that PATEL's coconspirators

sometimes used their own identities and sometimes used false identities to receive the proceeds of the scheme.

10. Between approximately August of 2015 and May of 2016, PATEL and his coconspirators received hundreds of thousands of dollars fraudulently obtained from victims of the scheme.

## OVERT ACTS

11. In furtherance of the conspiracy, and to promote the objects thereof, PATEL and his coconspirators committed and caused to be committed, among other acts, the interstate wire transfers of funds set forth in Counts 2 through 11 of this Indictment. The allegations contained in Counts 2 through 11 of this Indictment are incorporated by reference.

12. In furtherance of the conspiracy, and to promote the objects thereof, PATEL and his coconspirators committed and caused to be committed, among other acts, the mailing of funds through the United States Postal Service as set forth in Counts 12 through 18 of this Indictment. The allegations contained in Counts 12 through 18 of this Indictment are incorporated by reference.

All in violation of Title 18, United States Code, § 1349.

5

## COUNTS 2 through 11

Wire Fraud
(18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES:**

13.    The allegations contained in paragraphs 1 through 12 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

14.    From in or about August 2015, through in or about May 2016, the exact dates being unknown to the Grand Jury, in the Middle District of Pennsylvania, and elsewhere, the defendant, Hiteshkumar PATEL, together with persons known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a material scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises. On or about the dates set forth below, in the Middle District of Pennsylvania, and elsewhere, the defendant,

### HITESHKUMAR PATEL,

aided and abetted by others, and aiding and abetting others known and unknown to the Grand Jury, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so,

6

did knowingly transmit and cause to be transmitted in interstate

commerce by means of wire communications, signals and sounds, that

is, wire transfers of money across state lines, as set forth below, each

such use of the wires being a separate count of this Indictment:

| COUNT | DATE | ORIGINATION | DESTINATION | DESCRIPTION OF WIRE |
|---|---|---|---|---|
| 2 | 10/27/2015 | Washington | Pennsylvania | Wire Transfer of $3,100 via MoneyGram from EK to Hitesh PATEL (a/k/a Hiteshkumar PATEL) |
| 3 | 10/27/2015 | New Mexico | Pennsylvania | Wire Transfer of $4,300 via MoneyGram from JM to Hitesh PATEL (a/k/a Hiteshkumar PATEL) |
| 4 | 11/03/2015 | Pennsylvania | Pennsylvania | Wire Transfer of $210 via MoneyGram from LM to Hitesh PATEL (a/k/a Hiteshkumar PATEL) |
| 5 | 11/4/2015 | Missouri | Pennsylvania | Wire Transfer of $350 from SG via MoneyGram |

7

| | | | | to Hiteshkumar PATEL |
|---|---|---|---|---|
| 6 | 3/26/2016 | Maryland | Pennsylvania | Wire Transfer of $1,250 via MoneyGram from JW to Eric Louis (fraudulent ID possessed/used by PATEL) |
| 7 | 3/31/2016 | California | Pennsylvania | Wire Transfer of $438 via Western Union from AC to Juan Martinez (fraudulent ID possessed/used by PATEL |
| 8 | 4/27/2016 | California | Pennsylvania | Wire Transfer of $1,439 via MoneyGram from AM to JTS (actual person whose name was unlawfully possessed/used by PATEL) |
| 9 | 4/27/2016 | New Jersey | Pennsylvania | Wire Transfer of $967 via MoneyGram from SO to JTS (actual person whose name was unlawfully possessed/used by PATEL) |
| 10 | 4/25/2016 | Florida | Pennsylvania | Wire Transfer of $700 via |

| | | | | MoneyGram from JT to SMA (actual person whose name was unlawfully possessed/used by PATEL) |
|---|---|---|---|---|
| 11 | 5/4/2016 | California | Pennsylvania | Wire Transfer of $400 via MoneyGram from MY to SP (actual person whose name was unlawfully possessed/used by PATEL) |

All in violation of Title 18, United States Code, §§ 1343 and 2.

## COUNTS 12 through 18

### Mail Fraud
### (18 U.S.C. § 1341)

**THE GRAND JURY FURTHER CHARGES:**

15.   The allegations contained in paragraphs 1 through 12 of this

Indictment are hereby realleged and incorporated by reference, as if

fully set forth herein.

16.   From in or about August, 2015, through in or about May,

2016, the exact dates being unknown to the Grand Jury, in the Middle

District of Pennsylvania, and elsewhere, the defendant, Hiteshkumar

9

PATEL, together with other persons known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a material scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.   On or about the dates set forth below, in the Middle District of Pennsylvania, and elsewhere, the defendant,

**HITESHKUMAR PATEL,**

aided and abetted by others, and aiding and abetting others known and unknown to the Grand Jury, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, knowingly and willfully caused to be sent and delivered by the United States Mail and private and commercial interstate carrier the items listed below, each act constituting a separate count of this Indictment:

| COUNT | DATE | DESCRIPTION OF ITEM MAILED |
|-------|------|-----------------------------|
| 12 | 12/15/2015 | $5,000 in MoneyGram Money Orders mailed from CA to P.O. Box 231, Chinchilla, PA |
| 13 | 12/15/2015 | $5,000 in Western Union Money Orders mailed from CA to P.O. Box 231, Chinchilla, PA |
| 14 | 12/16/2015 | $5,000 in MoneyGram Money Orders mailed from CA to P.O. Box 231, |

|    |            | Chinchilla, PA |
|----|------------|----------------|
| 15 | 12/16/2015 | $1,600 in Western Union Money Orders mailed from CA to P.O. Box 231, Chinchilla, PA |
| 16 | 12/18/2015 | $4,000 in MoneyGram Money Orders mailed from SC to P.O. Box 231, Chinchilla, PA |
| 17 | 12/21/2015 | $13,000 in MoneyGram and Western Union Money Orders mailed from TX to P.O. Box 231, Chinchilla, PA |
| 18 | 12/22/2015 | $7,500 in MoneyGram and Wester Union Money Orders mailed from TX to P.O. Box 251, Chinchilla, PA |

All in violation of Title 18, United States Code, §§ 1341 and 2.

## COUNT 19

### Conspiracy to Commit Hobbs Act Extortion
### (18 U.S.C. §§ 1951(a) and 2)

**THE GRAND JURY FURTHER CHARGES:**

17.   The allegations contained in paragraphs 1 through 12 of this Indictment are hereby realleged and incorporated by reference, as if fully set forth herein.

11

18.    Beginning in or about August 2015 and continuing through in or about May 2016, in the Middle District of Pennsylvania, and elsewhere, the defendant,

**HITESHKUMAR PATEL,**

did knowingly and willfully combine, conspire, confederate and agree, together with other persons known and unknown to the Grand Jury, to unlawfully obstruct, delay, and affect, and did attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, and obtained and attempted to obtain the property of others residing in various states throughout the United States, with consent induced by the wrongful use of fear of arrest and economic harm.

19.    It was part of the conspiracy that the defendant and others demanded money from individuals who resided in various states throughout the United States, by falsely claiming the individuals owed IRS debts and penalties, and used the threat of adverse official action by the IRS such as employer notification, garnishment of wages, and physical arrest to induce payment.   The adverse official action

12

threatened by the defendant and others caused multiple individuals to reasonably fear economic harm and physical arrest.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

## COUNTS 20 through 23

### Aggravated Identity Theft
(18 U.S.C. §§ 1028A(a)(1), (c)(5) and 2)

**THE GRAND JURY FURTHER CHARGES:**

20.    The allegations contained in paragraphs 1 through 12 of this Indictment are hereby realleged and incorporated by reference, as if fully set forth herein.

21.    From in or about August of 2015, through in or about May 2016, the exact dates being unknown to the Grand Jury, in the Middle District of Pennsylvania, and elsewhere, the defendant,

### HITESHKUMAR PATEL,

aided and abetted by others, and aiding and abetting others known and unknown to the Grand Jury, did knowingly transfer, possess and use, without lawful authority, the means of identification of another, during and in relation to felony violations constituting wire fraud, in violation of Title 18, United States Code §1343. In particular, the defendant

knowingly used the name of specific actual person, whose initials are listed below, to unlawfully receive proceeds of a wire fraud scheme as described in Counts 8, 9, 10, and 11 of this Indictment.   Each unauthorized transfer, possession and use of the name of an actual person during and in relation to a wire fraud violation constitutes a separate count of this Indictment, as indicated below:

| COUNT | COUNT OF RELATED WIRE FRAUD | MEANS OF IDENTIFICATION | INITIALS OF ACTUAL PERSON |
|---|---|---|---|
| 20 | 8 | Name | JTS |
| 21 | 9 | Name | JTS |
| 22 | 10 | Name | SMA |
| 23 | 11 | Name | SP |

In violation of Title 18, United States Code, §§ 1028A(a)(1), (c)(5) and 2.

## FORFEITURE ALLEGATION

22.    The allegations contained in paragraphs 1 through 21 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(8) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

23.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1341, 1343, 1349 and 1951 set forth in Counts 1 through 19 of this Indictment, the defendant, HITESHKUMAR PATEL, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(8) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of such offenses and/or constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of the offenses.   The property to be forfeited includes, but is not limited to, the following:

a.    $988,569.02 in U. S. currency, asset forfeiture money judgment.

15

24.    If any of the property described above, as a result of any act or omission of the defendant:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third party;

     c.    has been placed beyond the jurisdiction of the court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be divided without difficulty,

16

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

6-20-17
DATE

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

June 20, 2017
DATE

BY: _Michelle Olsheski_
MICHELLE OLSHESKI
ASSISTANT U.S. ATTORNEY

17